Hernando CORTES–SANCHEZ, Petitioner,

v.

Alberto R. GONZALES, Attorney General, Respondent.

No. 04–75510.

Agency No. A75–194–368.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 5, 2005.*

Decided Dec. 14, 2005.

Hernando Cortes–Sanchez, Madera Acres, CA, pro se.

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Mary Jane Candaux, Esq., Joanne E. Johnson, Esq., U.S. Department of Justice,

---

able for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

**996**

Office of Immigration Litigation, Washington, DC, for Respondent.

Before GOODWIN, W. FLETCHER, and FISHER, Circuit Judges.

### MEMORANDUM **

Hernando Cortes–Sanchez, a native and citizen of Mexico, petitions pro se for review of Board of Immigration Appeals' ("BIA") order adopting and affirming an immigration judge's order denying his applications for a waiver of removal under INA § 212(h) and for cancellation of removal. We have jurisdiction under 8 U.S.C. § 1252. We review legal determinations de novo and factual findings for substantial evidence. *Thomas v. Gonzales,* 409 F.3d 1177, 1182 (9th Cir.2005) (en banc). We deny the petition for review.

The BIA properly determined that Cortes was ineligible for relief under INA § 212(h) because the filing of an approved 1–130 does not confer lawful immigration status, *see Ngongo v. Ashcroft,* 397 F.3d 821, 823 (9th Cir.2005), and Cortes lawfully resided in the United States for only two years before the initiation of his removal proceedings, *see Lagandaon v. Ashcroft,* 383 F.3d 983, 989 (9th Cir.2004) (concluding that the period of continuous presence ends on the day the removal proceedings are initiated); 8 U.S.C. § 1182(h) (indicating that an applicant must have seven years of continuous, lawful residence in the United States to be eligible for relief under this provision).

The BIA properly determined that Cortes was ineligible for cancellation of removal because he was not a legal permanent resident for five years or more before he filed his application and had not resided continuously in the United States for seven years after being admitted in any status. *Toro–Romero v. Ashcroft,* 382 F.3d 930, 937 (9th Cir.2004).

Cortes' equitable estoppel claim fails because he did not submit any evidence to indicate that the government engaged in affirmative misconduct while adjudicating his adjustment of status application. *See Socop–Gonzalez v. INS,* 272 F.3d 1176, 1184 (9th Cir.2001) (en banc) (equitable estoppel applies only if the government engages in "affirmative misconduct" which is defined "to mean a deliberate lie or a pattern of false promises").

All remaining contentions are unpersuasive.

PETITION FOR REVIEW DENIED.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

